## Brock v. Brock

*George T. Cummins*, for libellant; *Wray G. Zelt, Jr.*, for respondent.

GIBSON, J., February 3, 1934.—On August 16, 1933, the libellant filed her petition, alleging wilful and malicious desertion for a period of more than 2 years and praying for a subpœna in divorce, which was issued and served upon the respondent on the same date. The respondent filed his answer to this petition or libel on August 25, 1933. On September 15, 1933, before the proceedings progressed further, the libellant filed her petition praying to amend her original

petition or libel by adding thereto certain allegations of cruel and barbarous treatment and certain allegations charging indignities to the person; and on the same day a rule was issued requiring respondent to show cause why the original libel should not be amended as set forth in the petition for amendment.

On behalf of the respondent, a demurrer has been filed for the reason that "the petition fails to set forth any valid reason in law or in fact why the said petitioner should be allowed to amend the said libel." The only question raised here is the right of the libellant to amend. The amendment of libels is specifically provided for by the Act of May 25, 1933, P. L. 1020, and the amendment may include additional grounds or causes for divorce, including such as arose subsequent to the awarding of the subpœna.

In view of the fact that this proceeding is pending and that in the libel and the proposed amendments three distinct grounds for divorce are set forth, it is the opinion of the court that the amendment should be allowed, so that the whole case may be heard and disposed of at one time on its merits.

### Decree.

And now, February 3, 1934, this case came on to be heard on petition and answer, and, it having been argued, it is ordered and decreed that the rule to show cause why the libel filed in the above case should not be amended as prayed for be made absolute, and that a true copy of the petition to amend the libel filed September 15, 1933, together with a certified copy of this order, be served upon the respondent in the same manner as is required for service of subpœnas in divorce, and that the respondent shall file his answer, if he so desires, within 15 days after such service.          From Harry D. Hamilton, Washington, Pa.